THOMAS BARTON V. DISTRICT COURT OF MAHASKA COUNTY.

LIQUOR NUISANCE: CONTEMPT: CONTINUANCE: GROUNDS.

*Certiorari to Mahaska District Court.*—HON. D. RYAN, Judge.

THURSDAY, JANUARY 25, 1894.

CERTIORARI proceedings to test the legality of an order punishing the plaintiff for a contempt.—*Affirmed.*

*Listen McMillen* for plaintiff.

*Byron W. Preston* for defendant.

ROBINSON, J.—On the eighth day of March, 1893, the plaintiff was adjudged guilty of a contempt of court in violating a decree which had been rendered against him restraining the maintenance of a nuisance by the keeping for sale and selling of intoxicating liquors in violation of law, in a building specified. He was adjudged to pay a fine of seven hundred dollars and costs, and to be imprisoned until the fine should be paid, not exceeding two hundred and ten days.

I. The petition for the writ of certiorari is based upon eight grounds, only three of which are urged by counsel in argument. The first of those is stated as follows: *"Second.* The defendant was on the stand as a witness for himself, and refused to criminate himself on cross-examination, and the court convicted him because he refused to criminate himself, and such action on the part of the court was illegal." On this ground it is sufficient to say that it is explicitly denied by the defendant in its return to the writ, and is not sustained by the record. There was direct evidence of the guilt of the plaintiff, upon which his conviction was undoubtedly based.

II. The next ground of the petition urged is that, *"third,* the court erred in overruling defendant's application for continuance, and acted illegally therein." The return shows that the information charging the defendant with the contempt in question was presented to the defendant on the eighth day of March, 1893; that an order was thereupon issued, which fixed the time for hearing the charge at seven o'clock in the afternoon of the tenth day of that month. A short time before that hour the defendant appeared in court by his attorney, and stated that he had an engagement for seven o'clock, but would be ready for trial at eight, and thereupon, at his request, the hearing was set for eight o'clock. The parties appeared at the time fixed, and proceeded with the hearing. When

the state rested, the defendant presented the affidavit of his attorney and application for a continuance. The substance of the affidavit was that the attorney was employed in the case only the day before, and had been unable to ascertain who the witnesses against his client were, and what their testimony would be, until that evening. That he had been informed by his client that he could rebut the testimony of one of the witnesses against him if a continuance until the next Wednesday should be granted, and that he desired to introduce impeaching witnesses. We do not think sufficient diligence to prepare for the hearing was shown, and the court did not err in refusing a continuance.

III. The third ground of the petition which is discussed is stated as follows: *"Fourth.* The court erred in overruling defendant's motion to set aside the submission of the cause and permit the introduction of evidence in behalf of the defendant." The facts on which that ground is based appear to be that at the close of the hearing the shorthand reporter was ordered to make a transcript of his notes of the case, and the fifteenth day of March was fixed for rendering judgment. On that date the judge of the court was in Oskaloosa for a short time for the purpose of rendering judgment, and the plaintiff there presented to him affidavits attacking the reputation for truth and veracity of one of the two witnesses who had testified to facts showing a violation of the injunction, and his general moral character, and attacking the reputation of the other witnesses for truth and veracity, and his competency on account of alleged mental defects. These affidavits were accompanied by the application and affidavit of the plaintiff to set aside the submission of the cause and permit him to introduce the testimony of the witnesses whose affidavits were given. The affidavit of the plaintiff stated that he could prove that the alleged sale of intoxicating liquors which one of the witnesses had testified to had never been made, and could impeach both of the witnesses. The application was resisted by a counter affidavit, and was denied. While the showing of the application is in some respects unusually strong, yet we do not think due diligence to prepare for the hearing on the tenth day of March is shown by the plaintiff. Without any suggestion of insufficient time for preparation, the plaintiff, by his attorney, had the hour originally fixed for the hearing changed to suit his convenience. He does not seem to have made any preparation of consequence for the hearing. The witnesses whose testimony and character are assailed, and also the plaintiff, were examined in open court. An examination of the entire record leaves us with the impression that the plaintiff was seeking to delay, rather than to prepare for, a hearing. The showing of error in the action of defendant is not sufficient to justify us in disturbing the judgment. AFFIRMED.